617 So.2d 580 (1993)
Marty SONNIER, Plaintiff-Appellant,
v.
NORWOOD CONSTRUCTION COMPANY, INC., et al., Defendant-Appellee.
No. 92-406.
Court of Appeal of Louisiana, Third Circuit.
April 7, 1993.
Rehearing Denied May 25, 1993.
*581 David Andrew Fraser, Lake Charles, for plaintiff-appellant Marty Sonnier.
Earl Garland Pitre, Lake Charles, Morgan J.Wells Jr., Metairie, for defendant-appellee Norwood Const. Co.
Thomas Joseph Solari, Lake Charles, for intervenor Travelers.
Before DOMENGEAUX, C.J., and LABORDE and DECUIR, JJ.
LABORDE, Judge.
Appellant, Marty Sonnier, appeals from the trial court's granting of an exception of prescription on behalf of appellee, Norwood Industrial Painting, Inc. Finding the trial court erred in holding that appellant's amended petition correcting the appellee's name did not relate back and had prescribed, we reverse.

FACTS
On August 4, 1989, Marty Sonnier fell from a pipe rack and sustained an injury to his right knee. At the time of the accident, Mr. Sonnier was employed by I.M.T.C. doing work on a Conoco pipeline. Mr. Sonnier alleges his fall was caused by debris left on the pipe rack from a sand blasting operation done by Norwood Industrial Painting, Inc. (NIPI). On August 3, 1990, Mr. Sonnier filed suit. The petition misnamed Norwood Industrial Painting, Inc. as Norwood Construction Company (NCC). This petition was served on NCC on August 16, 1990. NCC then filed an exception of no cause of action on August 22, 1990. Mr. Sonnier filed service and citation on Norwood Industrial Company, Inc. (NICI) on August 28, 1990, but service in fact was made on NIPI the same day.
On September 24, 1990, NIPI filed an answer. On November 27, 1990, Mr. Sonnier filed a First Supplemental and Amending petition to change the name of the defendant to "Norwood Industrial Painting Company, Inc.". This petition was served on NIPI, and NIPI filed an answer on December 10, 1990 asserting that its proper corporate name was not "Norwood Industrial Painting Company, Inc." but, rather, "Norwood Industrial Painting, Inc.". Then, on August 9, 1991, NIPI filed a peremptory exception of prescription which was heard and sustained on January 10, 1992, and judgment was signed on January 30, 1992. Mr. Sonnier appeals, asserting the trial court erred in sustaining defendant's peremptory exception of prescription.

ASSIGNMENT OF ERROR
When Mr. Sonnier first filed his petition, he incorrectly named the defendant as NCC and served NCC. He served the correct defendant, NIPI, 24 days after prescription had run and then later amended his petition to correctly name NIPI as defendant and again served them. Therefore, Mr. Sonnier's cause of action has prescribed unless the amended petition relates back to the date of the filing of the original petition. *582 La.C.C.P. art. 1153 states: "When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the filing the original pleading." The action in this amended petition is exactly the same as set forth in the original petition since the only change in the amended petition was the name of the defendant.
Ray v. Alexander Mall, 434 So.2d 1083 (La., 1983) is the controlling jurisprudence for amended petitions as to late-added defendants. Ray, supra, sets forth four criteria, all of which must be met, in order for an amended petition to relate back to the date of the filing of the original petition. Those four criteria are as follows:
(1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;
(2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
(3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;
(4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.
The first requirement is essentially a restatement of La.C.C.P. art. 1153 which, as stated above, is met in this case. The second requirement provides that the substitute defendant must have notice of the action so he will not be prejudiced in maintaining a defense on the merits. In this case the substitute or correct defendant, NIPI, was served 25 days after the institution of the suit because plaintiff had misnamed the defendant and incorrectly served the wrong party. NIPI filed an answer to this petition even though it was not named in the petition and in its answer it stated: "Now into Court, through undersigned counsel, comes defendant, Norwood Industrial Painting, Inc. (incorrectly referred to in plaintiff's petition as Norwood Construction Company, Inc.) ...". NIPI did have notice of the suit prior to the filing of the amended petition but it was still 24 days after the running of prescription unless the amended petition relates back.
The real inquiry in the second Ray, supra, requirement is whether or not the defendant had sufficient notice to prevent prejudice. The owner of NIPI, Mr. Norwood, testified in deposition that when he was served with the petition naming NCC as plaintiff he assumed it was a suit against NIPI. He further stated that if the law suit had come to him four or five weeks earlier he would not be in any better position to investigate the suit. Thus, NIPI was not prejudiced because it did not receive notice of the suit until 24 days after the running of prescription, and the second requirement of Ray, supra, is met.
The third requirement of Ray supra, is also met as it provides that the substitute defendant must know that but for a mistake concerning the identity of the proper party defendant, the action would have brought against him, and NIPI knew this since in its answer to the original petition it stated that it was incorrectly referred to as NCC.
The fourth Ray, supra, requirement is that the substitute defendant must not be a wholly new or unrelated defendant since this would be tantamount to an assertion of a new cause of action which would have otherwise prescribed. The trial court in its reasons for judgment found this element to be lacking since NIPI and NCC are totally unrelated corporations. However, the trial court incorrectly interprets the final Ray, supra, requirement. This is a case of misnomer; the plaintiff intended to sue NIPI as demonstrated in his petition. His petition states that the defendant is the employer of the sandblasters who had been working in the area of plaintiff's accident and failed to clean the sand and debris *583 from the pipe. The proper employer is NIPI, but Mr. Sonnier misnamed this employer as NCC in his petition. Therefore, substituting NIPI as the proper defendant is not bringing in a wholly new or unrelated defendant, and the fourth requirement of Ray, supra, is met. As all four requirements for an amendment to relate back are met, we find the trial court committed manifest error in sustaining NIPI's peremptory exception of prescription and reverse.

DECREE
For the foregoing reasons, the judgment appealed is reversed. Costs of this appeal are assessed to appellee, Norwood Industrial Painting, Inc.
REVERSED.