617 So.2d 1209 (1993)
Ginger TAYLOR, et al., Plaintiffs-Appellants.
v.
Janice JOHNSON, et al., Defendants-Appellees.
No. 92-689.
Court of Appeal of Louisiana, Third Circuit.
April 21, 1993.
*1210 Christopher J. Roy, Alexandria, for Ginger Taylor, et al.
Gregory Scott Erwin, Christopher J. Roy, Alexandria, for Janice Johnson, et al.
James Dey Kirk, Bradley John Gadel, Alexandria, State of LA.
Before STOKER, LABORDE, THIBODEAUX, COOKS and DECUIR, JJ.
THIBODEAUX, Judge.
This is an appeal by plaintiffs, Ginger Taylor and her minor children, of a grant of prescription in favor of defendants, Wal-Mart Stores, Inc. and its employees, Janice Johnson and Jim Hall. This appeal is concurrent with "Ginger Taylor, et al v. Janice Johnson, et al," bearing docket number 92-126 of this court. Decisions on the two appeals will be rendered in separate opinions.
The trial judge granted an exception of prescription, dismissing a fifth supplemental and amending petition filed by Taylor, on grounds it untimely alleged a wholly new cause of action factually unrelated to those allegations of the original petition. For the following reasons, we reverse.

FACTS
On January 16, 1988, Taylor was allegedly suffering from a abscessed tooth. Dr. B.C. Hollier, a local oral surgeon, called in a prescription for Darvon 65 compound, a schedule V narcotic, to the Wal-Mart store in Pineville, Louisiana.
That same day, Taylor, accompanied by her children and mother, went to Wal-Mart to fill the prescription. There she encountered Johnson, a clerk, and Hall, the pharmacist, both of whom apparently became suspicious of the authenticity of Taylor's prescription and called Trooper First Class Timothy Ledet, a narcotics officer with the Louisiana State Police. Officer Ledet arrived *1211 on the scene, attempted to reach Dr. Hollier for verification of the prescription and, when Dr. Hollier could not be reached, arrested Taylor for attempting to receive a narcotic illegally. She was taken to the parish jail but released later that evening, when contact was finally made with Dr. Hollier who authenticated the prescription.
On February 9, 1988, the original petition was filed. Named as defendants were Wal-Mart, Johnson and Hall. The allegations were that Taylor was falsely accused, leading to a wrongful arrest and amounting to an intentional or negligent infliction of emotional disturbance against her and her children. Eventually, a fourth supplemental and amending petition was filed naming the State of Louisiana, through the Department of Public Safety, as a defendant liable in solido.
The fifth supplemental and amending petition was filed on April 19, 1990. It added, as individual parties, Ledet and Lt. Wayne Soileau, also a Louisiana State Policeman. It alleged that shortly after the arrest in Wal-Mart, Ledet set out to illegally obtain Taylor's medical and pharmaceutical records and then, under order of Soileau, collaborate with counsel for Wal-Mart and the other defendants by sharing the records as well as confidential police information concerning Taylor's alleged criminal activity. She claims the purpose of the collaboration, which she terms a collusion, was to gather information to support the defense of probable cause for the first arrest.
Defendants filed the exception of prescription which was successfully argued on April 20, 1992. Judgment was signed on April 23, 1992. A copy of the Reasons for Judgment assigned to the ruling in the companion appeal was also given as reasons for the present ruling. Essentially, the trial judge found the fifth supplemental and amending petition stated a separate cause of action from that of the original petition and, because there were no factual similarities, it must stand on its own against a claim of prescription. He found the allegations occurred more than a year before the filing of the amendment and the claim had prescribed.

ISSUE
The issue to be decided is whether the fifth supplemental and amending petition alleges new and unrelated facts giving rise to separate causes of action than those alleged in the original petition.

LAW & ANALYSIS
La.C.C.P. art. 1153 states:
When the action asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.
The argument for the grant of prescription is that the actions of Wal-Mart and its employees after the arrest are completely unrelated to the alleged tortious conduct leading to and surrounding the arrest. At first glance it would seem the alleged collusion and invasion of privacy are separate acts producing new consequences from breaches of different duties. However, although a separate cause or causes of action may exist, it may not alone be sufficient to justify an exception of prescription. Even if the facts constituting defendants' wrong differ enough to form two causes of action, the amendment may still relate back where the facts of the transaction creating both duties are sufficiently similar to support it. Gunter v. Plauche, 439 So.2d 437 (La. 1983).
Both the original and fifth supplemental and amending petitions assert claims of intentional infliction of emotional distress from actions by Wal-Mart employees. The actions in both pleadings concern the dissemination of information resulting in characterizing Taylor as a criminal. In the original pleading, employees of Wal-Mart were alleged to have given erroneous information which led to Taylor's arrest. In the amended pleading, the employees of Wal-Mart and its counsel allegedly shared illegally obtained and classified information in an effort to further paint Taylor as a criminal, *1212 and to buttress the defense of probable cause. It is Taylor's contention that the latter action by defendants exacerbated the damages received originally.
The jurisprudence emphasizes "notice" as the essence of interruption of suit by prescription. Notice is crucial in that it allows the opponent an opportunity to collect and preserve the evidence surrounding the alleged factual situation. Comeaux v. Poindexter, 527 So.2d 1184 (La.App. 3d Cir.1988); Baker v. Payne & Keller of La., Inc., 390 So.2d 1272 (La.1980); Amendment of Pleadings in Louisiana, 43 Tul.L.Rev. 233 (1969).
In this case, the tortious acts alleged in the fifth supplemental and amended petition supposedly occurred in the preparation to defend against allegations in the original petition. In their effort to collect and preserve evidence to show they had probable cause in suspecting and detaining Taylor, defendants allegedly collaborated to obtain information to which they had no legal right. It cannot then be argued that defendants are not prepared to defend a claim based on tortious conduct committed in preparing the original defense.
Both pleadings allege causes of actions precipitated by the arrest. While the immediate circumstances giving rise to the allegations of the fifth amending petition were different from those of the original pleadings, they nevertheless were a natural progression from the tortious activity of the first. Furthermore, we cannot say defendants had insufficient notice of the latter claims. The alleged tortious conduct occurred during preparation of a defense and, in fact, touches directly on the defenses against the original claim. We find sufficient connexity between the two claims such that the fifth supplemental and amending petition relates back to the date of filing of the original pleading. The judgment granting the exception is reversed.

CONCLUSION
For the foregoing reasons, the judgment granting the exception of prescription in favor of Wal-Mart Stores, Inc. and its employees, Janice Johnson and Jim Hall, is reversed and remanded for proceedings in accordance with this decision. Appellees are charged with the costs of this appeal.
REVERSED AND REMANDED.
LABORDE, J., concurs in the result.
STOKER, J., concurs and assigns written reasons.
STOKER, Justice, concurring.
I concur in the result reached by the majority in this case, that is, in holding that the cause of action asserted in plaintiffs' Fifth Supplemental and Amended Petition against Lt. Wayne Soileau has not prescribed. However, I concur solely on the basis that under the allegations of the pleading in question, Lt. Soileau would be a joint-tort feasor with the defendants in the suit on our docket, numbered 92-230, entitled Taylor v. State. See 617 So.2d 1198 (La.App. 3d Cir.1993). The filing of that suit (which was filed in Grant Parish) interrupted suit against Lt. Soileau. The cause of action in the Grant Parish suit, asserted against the State and TFC Ledet, involves the same facts asserted in the case before us through the Fifth Supplemental and Amended Petition and which is the subject of the exception of prescription.
By this concurrence I do not wish to imply that the suit against Lt. Soileau must be tried together with the original defendants in this suit or that the cause of action may not be severed.
For these reasons, I concur in the reversal of the trial court judgment as to Lt. Wayne Soileau and the remand of the case.