737 So.2d 157 (1999)
Della SUTTON, et al., Plaintiffs-Appellants,
v.
SHORT STOP HAMBURGERS, et al., Defendant-Appellee.
No. 31,841-CA.
Court of Appeal of Louisiana, Second Circuit.
May 5, 1999.
*158 Ronald J. Miciotto, Shreveport, Counsel for Appellants.
Cook, Yancey, King & Galloway by J. Todd Benson, Shreveport, Counsel for Appellee.
Before CARAWAY, PEATROSS, KOSTELKA, JJ.
KOSTELKA, J.
After the trial court granted defendant's exception of prescription, plaintiffs appealed, seeking to have their claims reinstated. For the following reasons, we reverse and remand for further proceedings.

Facts and Procedural History
On January 22, 1996, plaintiffs, Della and Debra Sutton, purchased "Diablo" sandwiches from a Short Stop Hamburger restaurant in Shreveport. After eating their sandwiches, the Suttons became violently ill and began vomiting. Seeking damages for a variety of past, present, and future complaints, the Suttons filed suit exactly one year later.
As defendants, they named Short Stop Hamburgers (located on West 70th Street), Lewis Conger d/b/a Short Stop Hamburgers, and Conger's insurer, Reliance Insurance Company. Conger, however, did not own, operate, or do business as a Short Stop restaurant. Instead, this individual merely owned a tract of land which had been leased so as to allow one of Short Stop's other portable restaurants to sit at that location. Upon discovering their error in this regard, the Suttons filed, on May 21, 1997, a First Supplemental and Amended Petition to substitute Short Stop Hamburgers d/b/a Buckeye Development d/b/a Tri-State Short Stop Company ("Buckeye") for all of the previously named defendants. This company also proved to be the wrong defendant. Like Conger, Buckeye did not own, operate, or do business as Short Stop Hamburgers. As revealed in its motion for summary judgment, Buckeye purchased a bank loan when the owner of Short Stop Hamburgers, the Starlight Company, defaulted. And, although Buckeye received title to the portable restaurant buildings as a dation en paiment, Starlight continued to operate the business for some time. Thus, on July 24, 1997, armed with this information from Buckeye, the Suttons filed a Second Supplemental and Amended Petition finally naming the correct defendant, Starlight Company d/b/a Short Stop Hamburgers ("Starlight").
Starlight, on December 2, 1997, countered with a Peremptory Exception of Prescription, noting that the Second Supplemental and Amended Petition had prescribed on its face and arguing that it did not relate back to the original petition. After examining the submitted memoranda and considering the arguments of counsel, the trial court granted the exception and dismissed the Suttons' claims with prejudice.[1] This appeal ensued.

Discussion
Generally, the burden of proving that a suit has prescribed rests with the *159 party pleading prescription. Wilkes v. Carroll, 30,066 (La.App.2d Cir.12/10/97), 704 So.2d 938. When a plaintiff's petition shows on its face that the prescriptive period has expired, however, the burden shifts to the plaintiff to demonstrate suspension or interruption of the prescriptive period. Id. Here, the Second Supplemental and Amended Petition has clearly prescribed on its facethat pleading was filed nearly one year and seven months after the alleged tortious conduct. The Suttons argue that this amendment relates back to the filing of the original petition.
Regarding amended pleadings, La. C.C.P. art. 1153 provides that when the action asserted in the amended petition arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original petition. Our supreme court has established the following criteria for determining whether this article allows an amendment, which changes the identity of the party or parties sued, to relate back to the date of filing of the original petition:
(1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;
(2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
(3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;
(4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed. Ray v. Alexandria Mall, 434 So.2d 1083, 1086-1087 (La.1983).
At the hearing on the exception of prescription, Starlight's attorney confessed that the first three elements of this test were not truly at issue. Clearly, all three petitions concerned the same occurrence the alleged food poisoning at the West 70th Street Short Stop location. As to the second and third prongs of the Ray test, the defense attorney specifically conceded that his client had notice and acquiesced that these elements were easily satisfied. Indeed, Starlight even admitted it had notice of the claim before the prescriptive period tolled.
Instead, Starlight relies upon an argument that it was a wholly new or unrelated defendant. Although the Suttons offered little evidence at the hearing on the exception of prescription, sufficient facts are disclosed by the pleadings and affidavits in the record to satisfy the fourth prong of Ray. The original petition clearly establishes that the Suttons intended to sue the owner-operator of Short Stop Hamburgers on West 70th Street in Shreveport, Louisiana. There was only one such restaurant at that location, much as there was only one Alexandria Mall in Ray, supra. Due to the complexity of the business arrangements, as described in Buckeye's motion for summary judgment, it is little wonder that the Suttons twice misnamed the defendant. Yet, in each petition, the Suttons made clear that they intended to pursue a claim against the business known as Short Stop Hamburgers operating at West 70th Street in Shreveport. These facts clearly present a case of an amending petition correcting a misnomer rather than adding a wholly new and unrelated defendant. Cf. Ray, supra[2]; Sonnier v. Norwood Construction Co., 617 So.2d 580 (La.App. 3d Cir.1993).
While designed to protect a defendant against prejudice from lack of notification of a claim within the period of *160 limitation, prescriptive statutes are not designed to protect a defendant against non-prejudicial pleading mistakes that his opponent makes in filing the claim within the period. Findley v. City of Baton Rouge, 570 So.2d 1168 (La.1990). Rather, prescriptive statutes, under our jurisprudence, are strictly construed in favor of maintaining rather than barring actions. Montminy v. Jobe, 600 So.2d 121 (La.App. 2d Cir.1992), writ denied, 604 So.2d 1003 (La. 1992), and authorities therein. Consistent with that precept, La. C.C.P. art. 1153 should be applied liberally and without undue restriction by technical rules. Id. Accordingly, the instant exception of prescription should have been overruled.

Conclusion
For the foregoing reasons, the judgment of the lower court is reversed and the case is remanded to the trial court for further proceedings. Costs are assessed to Starlight.
REVERSED AND REMANDED.
NOTES
[1] In its answer, Starlight also filed a third party demand against Ben E. Keith Foods and D'Anna Brothers Produce Company as providers of the ingredients of the "Diablo" burger. Keith, in turn, filed a third party demand against Mims Meat Company along with its own peremptory exception of prescription. The court granted that exception along with the one filed by Starlight; however, these matters are not before us on this appeal.
[2] In Ray, the original defendant, Alexandria Mall, did not exist. Thus, in a strict sense, the defendant/partnership, Alexandria Mall Company, was wholly new and unrelated to the first named defendant, the non-existent legal entity. Starlight was related to one of the original defendants, Short Stop Hamburgers, in the same way that the partnership known as the Alexandria Mall Company was related to the erroneous, original, corporate, non-existent defendant, Alexandria Mall.