819 So.2d 429 (2002)
Billye S. COHEN, et vir.
v.
BROOKSHIRE BROTHERS INC., et al.
No. 01-1159.
Court of Appeal of Louisiana, Third Circuit.
June 5, 2002.
*430 Chris Smith, III, The Smith Law Firm, L.L.P., Leesville, LA, for Plaintiffs/Appellants, Billye S. Cohen, et vir.
David A. Hughes, Hughes & Lafleur, Alexandria, LA, for Defendant/Appellee, Brookshire Grocery Company.
Court composed of SYLVIA R. COOKS, BILLIE COLOMBARO WOODARD, JIMMIE C. PETERS, MICHAEL G. SULLIVAN and ELIZABETH A. PICKETT, Judges.
COOKS, Judge.
The plaintiffs, Billye Cohen and Harold W. Cohen (the Cohens), appeal the judgment of the trial court finding their original suit did not interrupt prescription, and dismissing their lawsuit with prejudice. For the reasons which follow, we reverse the judgment of the trial court and remand this action for further proceedings consistent with this opinion.

FACTS AND PROCEDURAL BACKGROUND
This action arises out of a slip and fall incident in a Super 1 Food Store located at 604 MacArthur Drive, in Alexandria, Louisiana. On June 22, 1998, while shopping with her husband, Mrs. Billye Cohen alleges she slipped and fell, as a result of water running from beneath a produce bin. She and her husband subsequently filed an action for personal injuries on June 21, 1999.
In the petition, plaintiffs named as defendants, Brookshire Brothers Inc./Super 1 Foods, and its insurer, XYZ Insurance Company. The Super 1 Food Store at 604 MacArthur Drive is actually owned and operated by Brookshire Grocery Company, a Texas corporation with the CT Corporation as its agent for service of process in the state of Louisiana. The Cohens attempted to request service on Brookshire Brothers, Inc. through CT Corporation Systems in Baton Rouge, Louisiana, the entity whom they believed was the agent for service of process designated by the owner/operator of the Super 1 Food Store.
After becoming aware Brookshire Brothers, Inc. was not the proper name for the defendant, the Cohens filed a First Amended and Supplemental Petition naming "Brookshire Foods Stores, L.L.C./Super 1 Foods" as the defendant on August 25, 1999. This petition named Marvin Massey of Tyler, Texas as its agent for service of process. Service was made on Massey, through the Louisiana Long Arm statute, on September 3, 1999. Massey forwarded the petition to Brookshire Grocery Company on September 7, 1999.
In response to the Cohen's First Amended and Supplemental Petition, Brookshire Grocery Company filed dilatory exceptions of insufficiency of citation, insufficiency of service of process, and a peremptory exception of prescription on September 16, 1999.
Learning from Defendant's pleadings they again improperly named it, the Cohens *431 filed a Second Supplemental and Amending Petition on October 3, 2000, substituting the name Brookshire Grocery Company/Super 1 Foods as the proper defendant. CT Corporation System of Baton Rouge was served again as its agent for service of process.
On January 3, 2001, Brookshire Grocery renewed its exceptions of insufficiency of citation, insufficiency of service of process, and prescription. After a hearing on the exceptions, the trial court issued written reasons on February 28, 2001, finding the filing of the original suit did not interrupt prescription, and dismissing the Cohen's lawsuit with prejudice. The Cohens appeal the trial court's judgment.

ANALYSIS
The question before us is whether plaintiffs' Second Supplemental and Amending Petition relates back to the date of filing of the original petition on June 21, 1999. La. Code Civ.P. art. 1153 provides as follows:
When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.
The supreme court in Ray v. Alexandria Mall, Through St. Paul Property & Liab. Ins., 434 So.2d 1083, 1087 (La.1983), established the following criteria for determining whether article 1153 allows an amendment which changes the identity of the party defendant to relate back to the original petition:
(1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;
(2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
(3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;
(4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.
The trial court examined this case in light of Ray and concluded that the second and fourth prong of the Ray requisites were not met. The trial court reasoned as follows:
This action began with the filing of the suit on June 21, 1999. Brookshire Grocery Company did not receive notice regarding the suit until over two months later. Defendants argue that no one with Brookshire Grocery Company was aware of the filing of the instant suit until a copy of the original and First Amended and Supplemental Petition was received on September 7, 1999 by Marvin Massey, the chief financial officer of Brookshire Grocery Company. It was not until over a year later that the proper defendant was served properly with the Second Amended and Supplemental Petition regarding the instant suit. As stated earlier, Brookshire Grocery Company is a Texas corporation with C.T. Corporation Systems of Baton Rouge, Louisiana as its agent for service of process in the State of Louisiana. Defendant's notice of the institution of the action was hindered in such a way that could prejudice defendant in maintaining a defense of this action.
Further, Brookshire Grocery Company has asserted that it is no way affiliated with the initial defendant in this *432 action, Brookshire Brothers. The Court in the Ray matter provided that the substitute defendant must not be a wholly new or unrelated defendant. Because Brookshire Grocery Company and Brookshire Brothers are two independent, unrelated companies, another prong of the Ray test is not satisfied. This fact joined with other mentioned facts support defendant's assertion that the amendments made following the initial pleadings do not satisfy the Ray requisites and thus, do not interrupt prescription.
Applying the Ray criteria to the facts of the present case, we first note the amended claim clearly arose out of the same occurrence set forth in the original pleading, namely, the slip and fall at the Super 1 Foods store. As to the third criteria, the defendant should have known that but for plaintiffs' mistake in suing the similarly named Brookshire Brothers, Inc., the action would have been brought against it.
The trial court found plaintiffs did not satisfy the fourth prong of the Ray test. We disagree. Brookshire Grocery Company was not a wholly new or unrelated defendant. The original petition clearly establishes plaintiffs intended to sue the owner-operator of the Super 1 Food Store located at 604 MacArthur Drive, in Alexandria, Louisiana. There was only one such store at that location, much as there was only one Alexandria Mall in Ray. Noting the number of Texas corporations named Brookshire, i.e, Brookshire Brothers, Inc., Brookshire Food Stores, L.L.C., and Brookshire Grocery Company, it was not unreasonable for plaintiffs to twice misname the defendant. Yet, in each petition, plaintiffs made clear that they intended to pursue a claim against the business known as Super 1 Food Store operating at 604 MacArthur Drive, in Alexandria, Louisiana. These facts clearly present a case of an amending petition correcting a misnomer rather than adding a wholly new and unrelated defendant. Ray, 434 So.2d 1083; See also Sonnier v. Norwood Constr. Co., 617 So.2d 580 (La.App. 3 Cir. 1993); Sutton v. Short Stop Hamburgers, 31,841 (La.App. 2 Cir. 5/5/99), 737 So.2d 157.
The trial court also found the second prong of the Ray test was not met, specifically finding the defendant's "notice of the institution of the action was hindered in such a way that could prejudice [it] in maintaining a defense of this action." The supreme court in Findley v. City of Baton Rouge, 570 So.2d 1168, 1170 (La.1990) discussed in detail the second Ray criteria, stating as follows:
The gravamen of the second criteria is prevention of prejudice to the defendant in preparing and conducting its defense. A fundamental purpose of prescriptive statutes is to protect a defendant from stale claims and from the loss or non-preservation of relevant proof. Prescriptive statutes seek to prevent prejudice to a defendant either by a delay in notification of the claim (the prejudice usually being the deprivation of an opportunity to perform a timely investigation of the claim) or by the loss of documents or witnesses which the defendant would have gathered or preserved if timely notified. Tate, Amendment of Pleadings in Louisiana, 43 Tulane Law Review 211 (1969). While designed to protect a defendant against prejudice from lack of notification of a claim within the period of limitation, prescriptive statutes are not designed to protect a defendant against non-prejudicial pleading mistakes that his opponent makes in filing the claim within the period. Allstate Insurance Co. v. Theriot, 376 So.2d 950 (La.1979); Giroir v. South Louisiana Medical Center, 475 So.2d 1040 (La. *433 1985). The federal courts have liberally applied the doctrine of relation back, especially if no disadvantage will accrue to the opposing party. Williams v. United States, 405 F.2d 234 (5th Cir. 1968); 1A Barron & Holt, Federal Practice and Procedure § 448 (Wright ed.1960).
In the present case we do not find any essential protective purpose of the prescriptive statute is violated by permitting relation back. Although the original pleading named "Brookshire Brothers Inc./Super 1 Foods" as defendant, rather than "Brookshire Grocery Company," we note the petition requested service of process on Brookshire Brothers, Inc. through CT Corporation Systems in Baton Rouge, Louisiana. CT Corporation Systems was in fact Brookshire Grocery Company's agent for service of process in Louisiana as well. The original petition also clearly established that plaintiffs intended to sue the owner-operator of the Super 1 Food Store located at 604 MacArthur Drive, in Alexandria, Louisiana. Thus, the original pleading should have informed defendant's agent for service that judicial relief was being sought from Brookshire Grocery Company; and it should have been put on notice and had opportunity to collect and preserve the evidence.
The doctrine of relation back of amended pleadings should be liberally applied, particularly in the absence of prejudice. Giron v. Housing Auth. of Opelousas, 393 So.2d 1267 (La.1981); Strouse v. M & M Properties, 32,792 (La.App. 2 Cir. 3/3/00), 753 So.2d 434. Prescription statutes are designed to protect defendants against lack of notification of a formal claim within the prescriptive period, not to protect against pleading mistakes that an opponent makes in filing the formal claim within the period. Giroir v. South Louisiana Medical Center, Division of Hospitals, 475 So.2d 1040 (La.1985); Gorham v. HCA Health Services of Louisiana, 34,721 (La.App. 2 Cir. 5/17/01), 786 So.2d 348.
We conclude the amended petition naming Brookshire Grocery Company as defendant relates back under La.Code Civ.P. art. 1153 to the date of filing of the original petition. Accordingly, the trial court's judgment to the contrary dismissing plaintiffs' lawsuit with prejudice is reversed. The case is remanded to the district court for further proceedings. All costs of this appeal are assessed against defendant-appellee, Brookshire Grocery Company.
REVERSED AND REMANDED.
SULLIVAN, J. dissents and assigns written reasons.
PETERS, J. dissents for the reasons assigned by SULLIVAN.
SULLIVAN, J., dissenting.
I respectfully disagree with the majority's conclusion that because there were three Texas corporations with Brookshire in their names "it was not unreasonable for plaintiffs to twice misname[] the defendant." By correspondence dated August 25, 1998, ITT Specialty Risk Services, Inc. (ITT), which provides claim services to Brookshire Grocery Company, responded to a claim filed by Plaintiffs regarding the incident at issue. In that correspondence, ITT denied liability for Plaintiffs' claim, offered to pay $500.00 in medical expenses, and properly identified Brookshire Grocery Company. Accordingly, when suit was filed on June 21, 1999, the information regarding the proper defendant was in Plaintiffs' possession, and the trial court's dismissal with prejudice was proper.