# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT


**11-1486**


**NORTHA LEE HOLMES**

**VERSUS**

**TRIAD HOSPITALITY D/B/A CLARION HOTEL**


**\*\*\*\*\*\*\*\*\*\***
**APPEAL FROM THE**
**NINTH JUDICIAL DISTRICT COURT**
**PARISH OF RAPIDES, DOCKET NO. 231,938-A**
**HONORABLE DONALD JOHNSON, DISTRICT JUDGE**
**\*\*\*\*\*\*\*\*\*\***


**SYLVIA R. COOKS**
**JUDGE**


**\*\*\*\*\*\*\*\*\*\***


Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks and Elizabeth A. Pickett, Judges.


**REVERSED AND REMANDED.**


Jarvis J. Claiborne
814 N. Main Street
P.O. Box 1033
Opelousas, LA 70571-1033
(337) 948-4336
**ATTORNEY FOR PLAINTIFF/APPELLANT**
       Northa Lee Holmes


Howard B. Gist, III
The Gist Firm, APLC
4119 Parliament Drive
P.O. Box 13705
Alexandria, LA 71315
(318) 448-1632
**ATTORNEY FOR DEFENDANT/APPELLEE**
       Triad Hospitality d/b/a Clarion Hotel

**COOKS, Judge.**

A guest at a hotel who allegedly suffered an injury while eating at the hotel's restaurant, appeals the trial court's judgment sustaining the defendant's exception of prescription and dismissing her personal injury claim. For the following reasons, we reverse and remand.

### FACTS AND PROCEDURAL HISTORY

Plaintiff, Northa Lee Holmes, was a guest at the Clarion Hotel in Alexandria, Louisiana on June 23, 2007. On that date, Plaintiff asserted she fell over an uneven surface while walking in the hotel's restaurant. Her petition claimed, as a result of her fall, she was severely injured and hospitalized. She suffered torn ligaments in her knee which eventually required arthroscopic surgery.

In her petition, which was filed on June 23, 2008, Plaintiff named Choice Hotels, Inc., in its role as owner and operator of the hotel, as a defendant. Triad Hospitality, who was the actual owner and operator of the hotel, was not named in the initial petition. On July 16, 2008, Choice Hotels filed a peremptory exception of no cause of action, asserting it did not own, operate, maintain, control or otherwise manage the operations of the hotel where the accident occurred.

On August 15, 2008, Plaintiff filed an amended petition wherein "Choice Hotels International d/b/a Clarion Hotel" was substituted for "Clarion Hotel, through its manager, 2716 N. MacArthur Drive, Alexandria, Louisiana." Service was perfected upon Clarion Hotel on August 26, 2008, with service of the amended petition made upon the hotel manager.

On August 18, 2008, after a hearing on the matter, the trial court granted Choice's peremptory exception of no cause of action. Choice was dismissed, with prejudice, as an incorrectly named defendant.

Triad Hospitality, noting that the service on its hotel manager was more than

fourteen months after the alleged accident, on October 10, 2008 filed an answer to the amended petition filed by Plaintiff on August 15, 2008. Triad also filed an exception of prescription on the basis the claim against its interest was not timely filed within the one year prescriptive period provided in La.Civ.Code art. 3492. Triad further contended the amended petition filed more than a year after the accident did not relate back under La.Civ.Code art. 1153 to the original filing against "Choice Hotels" who is not a responsible party.

After a hearing, the trial court granted Triad's exception of prescription and dismissed Plaintiff's suit. The trial court found the petition appeared on its face to be prescribed, thus, the burden shifted to Plaintiff to prove a suspension or interruption of prescription. The trial court found there were no allegations of fact to support a finding that Choice and Triad were joint or solidary obligors so as to interrupt prescription. The trial court also found the amended petition did not relate back under La.Civ.Code art. 1153 to the original filing against Choice due to a lack of identity of interest between Triad and Choice.

Plaintiff appealed the trial court's grant of the exception of prescription, asserting the trial court erred in finding the amended petition did not relate back to the filing of the original petition.

## ANALYSIS

Louisiana Civil Code Article 3492 states in part: "Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained." The law is clear that statutes pertaining to prescription are strictly construed against prescription in favor of the obligation sought to be extinguished. *Carter v. Haygood*, 04-0646 (La.1/19/05), 892 So.2d 1261. When a trial court has heard evidence pertaining to an exception of prescription, we review those findings of fact pursuant to the manifest error

2

standard. *Id.*; *Williams v. Pioneer Fishing & Rental Tools, Inc.*, 06-1049 (La.App. 3 Cir. 12/20/06), 945 So.2d 936, *writ denied*, 07-107 (La. 3/16/07), 952 So.2d 697.

Regarding amended pleadings, La.Code Civ.P. art. 1153 provides that when the action asserted in the amended petition arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original petition. The law allows for new plaintiffs and defendants to be added by amended pleadings if the applicable criteria are met. *Giroir v. South Louisiana Med. Ctr.*, 475 So.2d 1040 (La.1985); *Ray v. Alexandria Mall*, 434 So.2d 1083 (La.1983). The supreme court in *Ray*, 434 So.2d 1083, 1087 (La.1983), established the following criteria for determining whether article 1153 allows an amendment which changes the identity of the party defendant to relate back to the original petition:

(1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;

(2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;

(3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;

(4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.

"The doctrine of relation back of amended pleadings should be liberally applied, particularly in the absence of prejudice." *Cohen v. Brookshire Bros. Inc.*, 01-1159 (La.App. 3 Cir. 6/5/02), 819 So.2d 429, 433, *writ denied*, 02-1767 (La.10/14/02), 827 So.2d 423, 819 So.2d 429, citing *Giron v. Housing Auth. of Opelousas*, 393 So.2d 1267 (La.1981) and *Strouse v. M & M Properties*, 32,792

3

(La.App. 2 Cir. 3/3/00), 753 So.2d 434. Where there is some factual connexity between the original and amended assertions, together with some identity of interest between the original and the additional or supplemental parties, amendment should be allowed. *Baker v. Payne and Keller of Louisiana, Inc.*, 390 So.2d 1272 (La.1980).

Applying the four-part test set forth above, we find merit to Plaintiff's argument that the amended petition relates back to the original filing. First, Plaintiff's amended claim against Triad arose out of the June 23, 2007 accident for which she sought redress in the original, timely filed petition. Thus, the first criteria is met.

The supreme court in *Findley v. City of Baton Rouge*, 570 So.2d 1168, 1170 (La.1990) discussed the second *Ray* criteria, stating as follows:

> The gravamen of the second criteria is prevention of prejudice to the defendant in preparing and conducting its defense. A fundamental purpose of prescriptive statutes is to protect a defendant from stale claims and from the loss or non-preservation of relevant proof. Prescriptive statutes seek to prevent prejudice to a defendant either by a delay in notification of the claim (the prejudice usually being the deprivation of an opportunity to perform a timely investigation of the claim) or by the loss of documents or witnesses which the defendant would have gathered or preserved if timely notified. Tate, *Amendment of Pleadings in Louisiana*, 43 Tulane Law Review 211 (1969). While designed to protect a defendant against prejudice from lack of notification of a claim within the period of limitation, prescriptive statutes are not designed to protect a defendant against non-prejudicial pleading mistakes that his opponent makes in filing the claim within the period. *Allstate Insurance Co. v. Theriot*, 376 So.2d 950 (La.1979); *Giroir v. South Louisiana Medical Center*, 475 So.2d 1040 (La.1985).

As Plaintiff notes, no prejudice will be incurred by Triad in its ability to perform an investigation of the claim. Triad had actual notice of the incident on the date it occurred, as its employees were witnesses to Plaintiff's fall. Donna Bibby, the Director of Sales and Marketing of the hotel, sent Plaintiff a letter dated August 8, 2007, acknowledging an incident did occur and denying an accident occurred.

4

Such a letter clearly indicates the hotel had knowledge of the accident and performed at least a perfunctory investigation of the incident. The court in *Findley* specifically noted that "prescriptive statutes are not designed to protect a defendant against non-prejudicial pleading mistakes that his opponent makes in filing the claim within the period." *Id.* In the present case, we do not find any essential protective purpose of the prescriptive statute is violated by permitting relation back.

As to the third criteria, Plaintiff notes that Louisiana distinguishes between adding a new party and substituting a party for the original defendant. We are convinced Triad should have known, but for Plaintiffs' mistake in suing "Choice Hotels International, Inc. d/b/a Clarion Hotel" the action would have been brought against Triad.

Lastly, we find the trial court erred in finding Plaintiff did not satisfy the fourth prong of the Ray test. The original petition clearly establishes plaintiffs intended to sue the owner-operator of the Clarion Hotel located at 2716 N. MacArthur Drive, in Alexandria, Louisiana. There was only one such hotel at that location. We note the letter Plaintiff received from the hotel's Director of Sales and Marketing denying liability for the incident, had on it a letterhead reading "Clarion Hotels by Choice Hotels." Plaintiff also points out that the website for Choice Hotels International, Inc. indicates that the Clarion Hotel at issue, now an Econo Lodge Inn & Suites, is a Choice Hotels International, Inc. property. This certainly lends credence to Plaintiff's argument that it was not unreasonable to initially misname "Choice Hotels International, Inc. d/b/a Clarion Hotel" as the defendant. Despite the misnomer, Plaintiff made it clear she intended to pursue a claim against the Clarion Hotel located at 2716 N. MacArthur Drive, in Alexandria, Louisiana. These facts militate in favor of our finding that the

5

amendment in this case was made to correct a misnomer rather than adding a wholly new and unrelated defendant. *Ray*, 434 So.2d 1083; See also *Cohen v. Brookshire Bros. Inc.*, 819 So.2d 429; *Sonnier v. Norwood Constr. Co.*, 617 So.2d 580 (La.App. 3 Cir.1993); *Sutton v. Short Stop Hamburgers*, 31,841 (La.App. 2 Cir. 5/5/99), 737 So.2d 157. Thus, we conclude, considering the special facts of this case, the fourth criterion of Ray which requires that the substituted defendant not be a wholly new or unrelated defendant is satisfied.

The jurisprudence is consistent that prescriptive statutes are to be strictly construed in favor of maintaining rather than barring actions. *Taylor v. Liberty Mutual Ins. Co.*, 579 So.2d 443 (La.1991); *Ray*, 434 So.2d 1083; *Foster v. Breaux*, 263 La. 1112, 270 So.2d 526 (1972). Consistent with that, "La.Code Civ.P. art. 1153 is to be applied liberally and without restriction by technical rules." *Masson v. Champion Ins. Co.*, 591 So.2d 399, 402 (La.App. 4 Cir.1991), citing *Spencer-Wallington v. Service Merchandise, Inc.*, 562 So.2d 1060 (La.App. 1st Cir.1990), *writ denied*, 567 So.2d 109 (La.1990). Therefore, we find the amended petition relates back under La.Code Civ.P. art. 1153 to the date of filing of the original petition. Accordingly, the trial court's judgment to the contrary dismissing Plaintiff's lawsuit with prejudice is reversed. The case is remanded to the district court for further proceedings. All costs of this appeal are assessed against defendant-appellee, Triad Hospitality d/b/a Clarion Hotel.

**REVERSED AND REMANDED.**