# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 12-751 C/W 12-516

**ROLAND DOUGLAS WALET, HENRY WALET, JR. AND MARGARET WALET**

**VERSUS**

**SOUTHERN THEATRES FAMILY HOLDING, LLC, SOUTHERN THEATRES, LLC, DAVID LACOMBE, DENI DUROUSSEAU AND YOUTUBE, LLC**

**\*\*\*\*\*\*\*\*\*\***
**APPEAL FROM THE**
**FIFTEENTH JUDICIAL DISTRICT COURT**
**PARISH OF LAFAYETTE, DOCKET NO. 2009-7698-E**
**HONORABLE HERMAN CLAUSE, DISTRICT JUDGE**
**\*\*\*\*\*\*\*\*\*\***

**SYLVIA R. COOKS**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Billy Howard Ezell, and J. David Painter, Judges.

**AFFIRMED IN PART; REVERSED IN PART.**

Lawrence N. Curtis
Michael Scott Harper
300 Rue Beauregard, Building C
P.O. Box 80247
Lafayette, LA 70598-0247
(337) 235-1825
**ATTORNEY FOR PLAINTIFFS/APPELLANTS**
   Roland Douglas Walet, Henry Walet, Jr. and Margaret Walet

Maria Fabre Manuel
Onebane Law Firm
1200 Camellia Boulevard, Suite 300
P.O. Box 3507
Lafayette, LA 70502-3507
(337) 237-2660
**ATTORNEY FOR DEFENDANTS/APPELLEES**
   Southern Theatres Family Holding, LLC and Southern Theatres, LLC

**COOKS, Judge.**

## FACTS AND PROCEDURAL HISTORY

On December 21, 2009, Plaintiffs, Roland Walet and his parents Henry Walet, Jr. and Margaret Walet, filed suit against Southern Theatres Family Holding, LLC, Southern Theatres, LLC, David Lacombe, Deni Durousseau and YouTube, LLC. Plaintiffs alleged Roland, who is mentally retarded and suffers from several other genetic and neurological disorders, including Krabbne leujodystrohia and Tourette's syndrome, sustained injuries due to the publication of a "horrifically defamatory video ridiculing Roland."

In 2004, Roland began working at the Grand 16 Movie Theatre (the Grand). According to Plaintiffs, Roland soon began experiencing verbal harassment from Deni Durousseau, who was also employed by the Grand.[1] Despite complaints to management at the Grand, including its general manager, Plaintiffs alleged Durousseau continued to verbally harass Roland. Plaintiffs asserted in 2008, Durousseau and another employee, David Lacombe, videotaped Roland while he was at work at the Grand without his knowledge. The video was uplinked to YouTube. According to Plaintiffs' petition, the video included assertions that Roland was a "sorry excuse of human life," a "retarded pedophile" and "smokes weed." Plaintiffs assert Roland was devastated when he found out about the video and became extremely depressed. He resigned his position with the Grand in August of 2009. Plaintiffs alleged because Durousseau and Lacombe were acting within the course and scope of their employment with the Grand, Southern Theatres LLC (the owner of the Grand) was vicariously liable for their actions. Plaintiffs requested damages for defamation and intentional infliction of emotional

---

[1] Durousseau's exact position at the Grand is not clear. In Plaintiffs' original petition it is stated he "occupied a managerial position." In the amended petition it is sated he was "employed as an usher."

2

distress from the various defendants.[2]

After the petition was filed, Durousseau, in proper person, filed an answer on January 14, 2010, denying the allegations.[3] Southern Theatres flied an answer on February 5, 2010, denying any liability on its part. During discovery, Roland Walet's deposition was taken along with the deposition of his psychiatrist. Durousseau requested a trial date, and the district court set a date of April 2, 2012. Southern Theatres filed a motion for summary judgment on December 14, 2011.

On February 2, 2012, Plaintiffs filed a First Amended Petition for Damages. The amended petition named several new defendants, including Daniel James Broussard (the Assistant Manager of the Grand during the relevant period), Charlie Nettles (the General Manager of the Grand during the relevant period), and VSS-Southern Theatres. The amended petition also named Wausau Underwriters Insurance Company and Liberty Mutual Insurance Company, who were alleged to provide a policy of comprehensive general liability insurance to defendant Southern Theatres during all or some of the relevant period.

According to Defendants the amended petition was filed without a motion for leave and a duty judge not assigned to the case signed an order on an ex parte basis allowing the filing of the amended petition. This was done without giving Southern Theatres or Durousseau an opportunity to object or respond.

On February 17, 2012, Southern Theatres filed an Exception of Prescription and Motion to Strike First Amended Petition for Damages and Jury Demand, praying for the dismissal of the Plaintiffs' amended petition and that its answer to the original Petition for Damages be deemed good and sufficient. Specifically, Southern Theatres contended the amended petition added new claims, new parties, new factual allegations, and made a new request for a jury trial. Southern Theatres

---

[2] On May 3, 2010, YouTube, LLC was dismissed from these proceedings when their exceptions of no cause of action and no right of action were granted. It appears from the record that defendant, David Lacombe, was never served with the lawsuit.

[3] Durousseau subsequently retained legal counsel for these proceedings.

3

contended it was entitled to dismissal of Plaintiffs' newly made claim of disability discrimination. In addition, Southern Theatres moved to have the newly added parties, claim and factual allegations stricken and to have Plaintiffs' request for a jury stricken.

A hearing was held on April 2, 2012, after which the trial court ruled in Southern Theatres' favor, rendering a judgment "striking the First Amended Petition for Damages and Jury Demand, granting the Exception of Prescription for claims made therein, granting the Exception of Prescription against the additional and named defendants therein and striking the order for a jury trial." The trial court gave the following oral reasons:

> I'm satisfied that the amending petition established what I consider a new and different claim, and that actually the original petition being a suit for defamation, really doesn't put the defendant on notice that - - or fair notice of a second claim for a disability discrimination suit under Louisiana Employment Discrimination Act. And really, in this case, I think substantial justice would be served by, one, striking the amendments and request for jury trial and granting the Exception of Prescription . . .

Plaintiffs filed a writ application with this Court (docket number 12-516) based on the district court's refusal to allow the addition of the insurers (Wausau and Liberty Mutual) and its granting of the motion to strike the request for a jury trial. Plaintiffs also lodged the present appeal, contending the trial court erred in granting the exception of prescription and striking portions of the amended petition. Finding the writ application and the instant appeal sought review of the same judgment, the writ panel determined a ruling on the writ application should be rendered simultaneously with the opinion in this appeal. Thus, the writ panel granted the writ application "for the limited purpose of ordering the consolidation of the writ application with the appeal."

4

**ANALYSIS**

At issue in this appeal is (1) whether Plaintiffs' amended petition added a new and different claim for disability discrimination for which Defendant, Southern Theatres, was not given adequate notice of in the original petition; and (2) whether the amended petition naming Southern Theatres' insurers, Wausau and Liberty Mutual, as party defendants, related back to the original petition for purposes of adding newly named defendants.

**I.    *Exception of Prescription as to the Claim for Disability Discrimination.***

Roland Walet resigned his position with the Grand in August of 2009. The original petition was filed on December 21, 2009. The amended petition was filed on February 2, 2012, which raised for the first time a disability discrimination claim under La.R.S. 23:323. A cause of action for discrimination under the Louisiana Employment Discrimination Law is "subject to a prescriptive period of one year." La.R.S. 23:303(D). As set forth above, Roland stopped working for the Grand in August of 2009, and did not seek to return to his work there. Thus, on its face the claim for disability discrimination is prescribed unless it relates back to the filing of the original petition.[4]

Plaintiffs argues the trial court erred in finding his claim for disability discrimination did not relate back to the filing of the original petition. Louisiana Code of Civil Procedure Article 1153 sets forth what is required for an amended petition to relate back to the original petition:

> When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment

---

[4] Southern Theatres also notes Plaintiffs failed to comply with comply with the notice provision of La.R.S. 23:303. Louisiana Revised Statutes 23:303(C) provides:

> A plaintiff who believes he or she has been discriminated against, and who intends to pursue court action shall give the person who has allegedly discriminated written notice of this fact at least thirty days before initiating court action, shall detail the alleged discrimination, and both parties shall make a good faith effort to resolve the dispute prior to initiating court action.

Having found the claim for disability discrimination did not relate back to the original petition, we pretermit any discussion of this issue.

relates back to the date of filing the original pleading.

The original petition states the "[t]he gravamen of the Petition for Damages is the publication and Internet posting of a video which resulted in national and international dissemination of false and defamatory statements about Roland Douglas Walet." There is no mention in the original petition of any allegations of disability discrimination. While the petition sets out that the employees who made the video were employees of the Grand and made the video while working at the Grand in the course and scope of their employment (for which Southern Theatres is vicariously liable), these factual allegations relate to the act of dissemination of the YouTube video. After reviewing the amended petition in conjunction with the original petition, we cannot say the trial court erred in finding "that . . . the original petition being a suit for defamation, really doesn't put the defendant on notice that - - or fair notice of a second claim for a disability discrimination suit under Louisiana Employment Discrimination Act."

This Court has held "[t]he essential factors courts uniformly look for [in determining if a new claim in an amended petition relates back] is whether the timely filed petitions provided opponents adequate notice of a judicial controversy arising out of a specific set of circumstances, and whether there is a factual connexity between the petitions." *Bethea v. Modern Biomedical Services, Inc.*, 97-332, p. 8 (La.App. 3 Cir. 11/19/97), 704 So.2d 1227, 1232, *writs denied*, 97-3169, 97-3170 (La. 2/13/98), 709 So.2d 760, 761 (*citing Taylor v. Johnson*, 617 So.2d 1209 (La.App. 3 Cir.1993)). Plaintiffs contend the original petition did give adequate notice to Southern Theatres of the disability discrimination claim. We disagree.

In *Autrey v. Energy Corp. of America, Inc.*, 594 So.2d 1354 (La.App. 3 Cir.), *writ denied*, 596 So.2d 197 (La.1992), the plaintiff suffered a heart attack at work and filed a workers' compensation suit seeking benefits in 1986. The plaintiff

6

never returned to work. Over two years after the workers' compensation suit was filed, plaintiff filed an amended petition alleging retaliatory discharge. An exception of prescription was filed and denied by the trial court. This Court reversed the denial of the exception of prescription, holding the amended petition for retaliatory discharge did not relate back to the filing of the original petition. We stated:

> The original petition only alleges that [plaintiff] was employed by Energy and that he was injured while working for Energy, and makes a claim for worker's compensation benefits. The original petition lacks any allegation of Energy's refusing to employ, or discharging, [plaintiff] for having asserted a worker's compensation claim and did not give Energy fair notice that a formal claim under the retaliatory discharge provision was forthcoming. The factual allegations are totally different. The wrongful discharge alleged in the supplemental and amending petition arises from a completely separate occurrence. The filing of the original petition for worker's compensation benefits does not toll the running of prescription on a subsequently filed retaliatory discharge claim.
>
> Therefore, we find the retaliatory discharge claim has prescribed and the amending and supplemental petition does not relate back to the date of the original petition.

*Id*. at 1359.

We find a similar situation here. The amended petition's claim for disability discrimination included allegations and occurrences that are different from those contained in the original petition. The factual allegations in the original petition all relate to the dissemination of the YouTube video. The original petition lacks any allegation of Southern Theatres engaging in disability discrimination. Simply because the original petition notes that Roland was employed by Southern Theatres and alleges he was harassed at work by co-employees does not give fair notice to Southern Theatres that a formal claim for disability discrimination was forthcoming. Therefore, we find the trial court did not err in finding the amended petitions claims sounding in disability discrimination were prescribed.

## II. *Exception of Prescription as to the Addition of New Defendants.*

Plaintiffs also allege the trial court erred in refusing to find the amended petition related back to allow the addition of new defendants, Wausau and Liberty Mutual, who were the general liability insurers for Southern Theatres.[5]

The law allows for new defendants to be added by amended pleadings if the applicable criteria are met. *Giroir v. South Louisiana Med. Ctr.*, 475 So.2d 1040 (La.1985); *Ray v. Alexandria Mall*, 434 So.2d 1083 (La.1983). The supreme court in *Ray*, 434 So.2d at 1087, established the following criteria for determining whether Article 1153 allows an amendment which changes the identity of the party defendant to relate back to the original petition:

> (1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;
>
> (2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
>
> (3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;
>
> (4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.

This Court has stated, "[w]here there is some factual connexity between the original and amended assertions, together with some identity of interest between the original and the additional or supplemental parties, amendment should be allowed." *Holmes v. Triad Hospitality*, 11-1486, p. 4 (La.App. 3 Cir. 5/16/12), 89 So.3d 532, 535 (*citing Baker v. Payne and Keller of Louisiana, Inc.*, 390 So.2d 1272 (La.1980)).

Applying the four-part test of *Ray*, we find merit to Plaintiffs' argument that the amended petition relates back to the original filing for purposes of adding

---

[5] No challenge was made by Plaintiffs to the portion of the trial court's ruling denying the addition of the other newly named defendants.

8

Wausau and Liberty Mutual. First, Plaintiffs' amended claim's assertions of defamation and intentional infliction of emotional distress arise out of the same occurrence as set forth in the original petition.

We also find the second *Ray* criteria is met. The Louisiana Supreme Court in *Findley v. City of Baton Rouge*, 570 So.2d 1168, 1170 (La.1990), noted "[t]he gravamen of the second criteria is prevention of prejudice to the defendant in preparing and conducting its defense." The *Findley* court stressed "[w]hile designed to protect a defendant against prejudice from lack of notification of a claim within the period of limitation, prescriptive statutes are not designed to protect a defendant against non-prejudicial pleading mistakes that his opponent makes in filing the claim within the period." *Id.* at 1170 (*citing Giroir*, 475 So.2d 1040 (La.1985), and *Allstate Ins. Co. v. Theriot*, 376 So.2d 950 (La.1979)). We can see no prejudice that will be incurred by Wausau and Liberty Mutual. The *Finley* court noted prejudice in these situations is "usually . . . the deprivation of an opportunity to perform a timely investigation of the claim . . . or by the loss of documents or witnesses which the defendant would have gathered or preserved if timely notified." *Id.* Considering its own insured engaged immediately in the discovery process and has contested these proceedings throughout, Wausau and Liberty Mutual cannot claim prejudice in this matter.

As to the fourth *Ray* criteria, it cannot be reasonably argued that Wausau and Liberty Mutual were wholly new or unrelated defendants. They were the insurers of a named defendant, Southern Theatres, in the original petition. This is not a situation of an amending petition adding a wholly new or unrelated defendant, but rather correcting a pleading oversight made by Plaintiffs in their original petition.

In the present case, as it relates to the addition of the insurers of Southern Theatres, we do not find any essential protective purpose of the prescriptive statute that is violated by permitting relating back. Further, it is well settled the doctrine

9

of relation back of amended pleadings should be liberally applied, particularly in the absence of prejudice. *Giron v. Housing Auth. of Opelousas*, 393 So.2d 1267 (La.1981); *Cohen v. Brookshire Bros. Inc.*, 01-1159 (La.App. 3 Cir. 6/5/02), 819 So.2d 429, *writ denied*, 02-1767 (La. 10/14/02), 827 So.2d 423; *Strouse v. M & M Props.*, 32,792 (La.App. 2 Cir. 3/3/00), 753 So.2d 434. We conclude the amended petition naming Wausau and Liberty Mutual as party defendants relates back under La.Code Civ.P. art. 1153 to the date of filing of the original petition. Accordingly, this portion of the trial court's judgment to the contrary is reversed.

### III. Grant of Defendant's Motion to Strike Jury Demand.

Louisiana Code of Civil Procedure Article 1733(c) provides that "[t]he pleading demanding a trial by jury shall be filed not later than ten days after either the service of the last pleading directed to any issue triable by a jury, or the granting of a motion to withdraw a demand for a trial by jury." The jurisprudence has recognized the absolute and inviolate right of party to a juridical cause to a trial by jury, except as limited by law and provided the requisite procedural forms are fulfilled. *Alkazin v. City of Baton Rouge*, 97-738 (La.App. 1 Cir. 11/7/97), 705 So.2d 208; *Revel v. Telecheck Louisiana*, 581 So.2d 405 (La.App. 4 Cir.), *writ denied*, 588 So.2d 1116 (La.1991). Although the right to a jury trial is fundamental, it still must be requested timely. *Sharkey v. Sterling Drug, Inc.*, 600 So.2d 701 (La.App. 1 Cir.), *writs denied*, 605 So.2d 1099, 1100 (La.1992). If a request for a jury trial is not made timely, the right is waived, and the trial judge is vested with much discretion to disallow the filing of amended pleadings, if he finds that they are being filed solely for the purpose of circumventing the time limitations of La.Code Civ.P. art. 1733. *Id.* The right of a litigant to a jury trial is so fundamental in character, that the courts will indulge every presumption against a waiver, loss, or forfeiture thereof. *Champagne v. American Southern Ins. Co.*, 295 So.2d 437 (La.1974).

In the present case, the trial court did not specifically explain his reasons for striking Plaintiffs' request for a jury trial. In opposing Plaintiffs' request for jury trial, Southern theatres opined that the sole purpose of the Plaintiffs' amended petition was to circumvent the time limitations for requesting a jury trial. It can be assumed the trial court agreed with this argument. However, having found the trial court erred in not allowing the addition of Wausau and Liberty Mutual, it cannot reasonably follow that the amended petition was filed solely for the purposes of circumventing the time limitations of La.Code Civ.P. art. 1733. Therefore, we reverse the trial court's grant of Defendant's Motion to Strike Jury Demand.

### DECREE

For the foregoing reasons, we reverse the portion of the trial court's judgment granting the exception of prescription as to the insurers, Wausau and Liberty Mutual. We conclude the amended petition naming Wausau and Liberty Mutual as party defendants relates back under La.Code Civ.P. art. 1153 to the date of filing of the original petition. We also reverse the portion of the judgment granting Defendant's Motion to Strike Jury Demand. All other aspects of the trial court's judgment are affirmed. All costs of this appeal are assessed equally against Plaintiffs and Defendants.

**AFFIRMED IN PART; REVERSED IN PART.**