# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 09-1454


**MICHAEL J. MUNRO, SR.**

**VERSUS**

**LOUISIANA HOTELIERS, LLC**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2009-1677
HONORABLE HERMAN C. CLAUSE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## SHANNON J. GREMILLION
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Oswald A. Decuir, James T. Genovese, and Shannon J. Gremillion, Judges.

**AFFIRMED.**

**Philip E. Roberts**
**Leake & Anderson**
**P. O. Drawer Z**
**Lafayette, LA 70502**
**(337) 233-7430**
**Counsel for Defendant/Appellee:**
**Louisiana Hoteliers, LLC**

**Michael L. Barras**
**Attorney at Law**
**P. O. Box 11340**
**New Iberia, LA 70562**
**(337) 369-6400**
**Counsel for Plaintiff/Appellant:**
**Michael J. Munro, Sr.**

**GREMILLION, Judge**.

The plaintiff, Michael J. Munro, appeals the judgment of the trial court in favor of the defendant, Louisiana Hoteliers, L.L.C., finding that his claim had prescribed and in sustaining Louisiana Hoteliers' exception of no cause of action. For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Munro was a part owner of a preexisting "oyster lease," which the Louisiana Wildlife and Fisheries Commission validated on March 6, 2007. At that time, Munro was also the owner of the Cypress Tree Inn in Lafayette, Louisiana, located at 2501 and 2503 SE Evangeline Thruway. The Louisiana Department of Wildlife and Fisheries listed his address as 2501 SE Evangeline Thruway. In May 2007, Munro sold part of his hotel/motel property to Louisiana Hoteliers, specifically the one located at 2501 SE Evangeline Thruway. Following the sale, Munro claims that he and/or his employees would regularly walk across the parking lot to assist the new owners and pick up any mail addressed to Munro.

In his petition filed on March 18, 2009, Munro alleges that on March 10, 2008, he retrieved a stack of mail from Louisiana Hoteliers that included a letter from the Department of Wildlife and Fisheries dated December 1, 2007, advising that the payment of the $40 yearly rent for the oyster lease was due on January 31, 2008. On March 11, 2008, Munro mailed the $40 payment. On March 18, 2008, the Department of Wildlife and Fisheries composed a certified letter to Munro bearing the 2501 SE Evangeline address, advising him of the cancellation of his oyster lease because of the passing of March 10, 2008, which was the last day of the Department's grace period in which it would accept late rent.

1

In his petition, Munro asserts that Louisiana Hoteliers, through its employees, refused to accept certified mail on Munro's behalf or advise him of the attempted delivery of certified mail by the Department of Wildlife and Fisheries.

Munro filed suit alleging negligence and/or intentional tort resulting in general and special damages. In May 2009, Louisiana Hoteliers filed exceptions of prescription and no cause of action. Following a hearing in June 2009, the trial court granted Louisiana Hoteliers' exception of no cause of action and allowed Munro fifteen days to amend his petition to state a cause of action.[1] The trial court further granted Louisiana Hoteliers' exception of prescription dismissing Munro's torts claims with prejudice. Munro now appeals.

## ASSIGNMENTS OF ERROR

Munro assigns as error:

1.    The trial court's liberal construction of La.Civ.Code art. 3492 in favor of prescription.

2.    The trial court's failure to consider the date when he suffered actionable harm in deciding the exception of prescription.

3.    The trial court's granting of the exception of no cause of action when sufficient allegations were made to support a cause of action sounding in tort.

## PRESCRIPTION

Munro argues that prescription did not begin to toll until some time after March 18, 2008, the date of the Department of Wildlife and Fisheries' letter informing him that his oyster lease had been cancelled, making his March 18, 2009 petition timely filed. We disagree.

---

[1]At the June 2009 hearing, the trial court allowed Munro to file his supplemental and amending petition urging a cause of action in contract.

Louisiana Civil Code Article 3492 states in part: "Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained." The statutes pertaining to prescription are strictly construed against prescription in favor of the obligation sought to be extinguished. *Carter v. Haygood*, 04-0646 (La. 1/19/05), 892 So.2d 1261. When a trial court has heard evidence pertaining to an exception of prescription, we review those findings of fact pursuant to the manifest error standard. *Id. See also, Williams v. Pioneer Fishing & Rental Tools, Inc.,* 06-1049 (La.App. 3 Cir. 12/20/06), 945 So.2d 936, *writ denied*, 07-0107 (La. 3/16/07), 952 So.2d 697.

We find no error in the trial court's factual finding that Munro's claim is prescribed. On March 10, 2008, Munro was put on notice that his oyster lease would be terminated. The December 10, 2007 letter from the Department of Wildlife and Fisheries stated:

> Unless payment is made, on or before January 31, 2008, the said contract of lease shall at once, and with out demand or putting in default, terminate and be canceled upon the books of this Department, with penalty of forfeiture by you of all the works, improvements, and betterments of the said leased water bottoms, the whole in accordance with law.

It is immaterial that he received actual notice of the cancellation sometime after March 18, 2008, or that the Department actually allowed until March 10, 2008 to pay before the lease would be cancelled. The December 1, 2007 letter, retrieved on March 10, 2008, was sufficient to put any reasonable person on notice of cancellation of the lease, therefore enabling him to pursue his cause of action against Louisiana Hoteliers.

In his second assignment of error, Munro argues that he did not learn that he had sustained "actionable harm" until sometime after March 18, 2008, the date of

3

the letter notifying him of the lease termination. For the same reasons discussed above, March 10, 2008 is the date that prescription began to run. On that day, Munro should have known of the actionable harm after reading a letter indicating that his lease was cancelled on January 31, 2008. Accordingly, these assignments of error are without merit.

## NO CAUSE OF ACTION

Munro argues that sufficient allegations were made to support a cause of action in tort. This issue is rendered moot by our above finding that any claims for delictual actions are prescribed.

## CONCLUSION

The judgment of the trial court in favor of the defendant-appellee, Louisiana Hoteliers, L.L.C., is affirmed. All costs of this appeal are assessed against the plaintiff-appellant, Michael J. Munro.

**AFFIRMED**.